UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-CR-80127-RLR

UNITED STATES OF AMERICA

vs.

MARK DITOCCO,

        Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida Mark Ditocco (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count one of the Indictment, which charges possession of child pornography, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2). The defendant agrees that he is, in fact, guilty of this offense.

2. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines.

3. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant understands and acknowledges that as to Count 1 the Court may impose a maximum term of imprisonment of up to twenty (20) years, followed by a term of supervised release of five (5) years' to life. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 per count and may order forfeiture and restitution.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, pursuant to 18 U.S.C. Section 3013, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that this special assessment shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6. The defendant further understands and acknowledges that, pursuant to Title 18, United States Code, Section 3014, a special assessment in the amount of $5,000 will be imposed on the defendant if he is not indigent and is pleading guilty to an offense under Chapter 110 (relating to sexual exploitation and other abuse of children). The defendant agrees that this

special assessment shall not be payable until the defendant has satisfied all outstanding court-ordered fines, orders of restitution, and any other obligation related to victim-compensation arising from the criminal conviction, upon which this special assessment is based.

7. The defendant understands and acknowledges that, in addition to any sentence imposed under paragraph 5 of this agreement, pursuant to 18 U.S.C. §§ 2259 and 2259A, the Court shall order the defendant to pay restitution because he is pleading guilty to an offense under Chapter 110. The parties agree that any restitution ordered by the Court under 18 U.S.C. §§ 2259 and 2259A, shall include defendant's total offense conduct from any devices seized from his residence on March 16, 2021. The parties agree that the defendant will only be ordered to pay restitution to victims who have been identified and who also request such restitution. The defendant further agrees that restitution is due pursuant 18 U.S.C. § 3663A(c)(1), for offenses and identifiable victims who have suffered a physical injury or pecuniary loss other than those he is pleading guilty to, but nonetheless gave rise to this plea agreement.

8. The parties further understand and acknowledge that the amount of restitution the defendant will be ordered to pay will be calculated pursuant to 18 U.S.C. §§ 2259 and 2259A. Specifically, the Court will first determine the full amount of each victims' losses that were incurred, or are reasonably projected to be incurred by the victims, as a result of the trafficking of child pornography depicting the victims. The parties understand and acknowledge that, once the full amount of the victims' losses is determined, the Court will then order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victims' losses, but which is no less than $3,000. The parties further understand and acknowledge that any individual victims' total aggregate recovery shall not exceed the full amount of that victims' demonstrated losses.

9. The defendant agrees, in an individual and any other capacity, to forfeit to the United

States, voluntarily and immediately, pursuant to Title 18, United States Code, Section 2253(a), any right, title, and interest to any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, or 2252, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

In addition, the defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

10.     The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. Rs. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

11.     The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction.  The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture.  This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

12. The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. However, the United States will not be required to make this motion if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

13. The defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison, as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout defendant's life. The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. The defendant shall comply with requirements to periodically verify in person his

sex offender registration information. The defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If the defendant resides in Florida following release from prison, the defendant will be subject to the registration requirements of Fla. Stat. § 943.0435. The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon defendant's release from confinement following conviction.

14. As a condition of supervised release, the defendant shall register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update defendant's registration information. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

15. Together with the stipulated factual proffer signed this same day, this is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 1/14/25       By: _____
                         GREGORY SCHILLER
                         ASSISTANT UNITED STATES ATTORNEY

Date: 1/14/25       By: _____
                         SCOTT BERRY
                         ASSISTANT FEDERAL PUBLIC DEFENDER

Date: 1/14/25       By: _____
                         MARK DITOCCO
                         DEFENDANT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-CR-80127-RLR

UNITED STATES OF AMERICA

vs.

MARK DITOCCO,

    Defendant.
_____/

## FACTUAL PROFFER

The United States of America and Mark Ditocco ("Defendant" or "DITOCCO") agree that had this case gone to trial, the United States would have proven the following facts beyond a reasonable doubt:

1. Starting on August 17 and 21, 2024, Federal Bureau of Investigation Agents while working in an undercover capacity, and utilizing the BitTorrent law enforcement network client programs, identified a computer on the BitTorrent P2P file-sharing network that was associated with a torrent file believed to contain files that depict child pornography. Specifically, IP address 73.179.99.232 utilized BitTorrent and transmitted several files of suspected child pornography with FBI Agents working in an undercover capacity.

2. FBI Agents documented the undercover session, the downloaded files, and the digital logs. FBI Agents reviewed the files and determined that all the files depicted children under the age of eighteen (18) engaged in sexual acts and/or poses consistent with child pornography.

3. Subpoena return information from Comcast revealed IP address 73.179.99.232 was registered to an apartment on Flora Place in Delray Beach, Florida at the times of the downloads. On October 3, 2024, after several hours of the residents, including the defendant, refusing to exit

the apartment, FBI SWAT personnel executed a search warrant at the Flora Place, Delray Beach, Florida address for electronic devices containing child sexual abuse material. Following penetration of the residence, DITOCCO and his father exited through the front door.

4. Post *Miranda*, DITOCCO reported he lived in the front bedroom where he had a computer and some thumb drives. DITOCCO confirmed he did not share devices with his father or have guests at his home. DITOCCO claimed to have a desktop computer which he used to play and download video games in his bedroom.

5. FBI digital forensic examiners conducted a review of the desktop recovered from DITOCCO's room. FBI personnel identified dozens of images and videos of child pornography in at least two (2) locations within the recovered desktop, including the following:

   a. File Path/Name: Downloads>thinkcentre >drive1>LS-Magazine 13 Tough Stuff>Set 06.lsm13-06-097.jpg

   Description: File is an image featuring two prepubescent white females, approximate age range of eight (8) to ten (10) years old. Both children are pictured laying on their backs nude with their legs spread open in a butterfly position, exposing their vaginas.

   b. File Path/Name: New Volume (D:)>Folders>Downloads>New Folder downloads> batepedo.flv

   Description: File is a video showing a prepubescent female of approximate age of nine (9) standing in front of a bathroom mirror. The child proceeds to strip, drop her bottoms, and present her anus and vagina to the camera. The child then takes a toothbrush and sucks on it as if she were fellating it before repeatedly sliding the toothbrush inside her vagina

6. A further view of two (2) flash drives found within the immediate vicinity of the computer revealed in excess of 600 images and videos containing child pornography material.

7. MARK DITOCCO agrees the following elements of possession of child pornography would be proven beyond a reasonable doubt had this case gone to trial:

a. the Defendant knowingly possessed an item or items of child pornography;

b. the items of child pornography had been transported, shipped or mailed in interstate or foreign commerce including by computer; and

c. when the Defendant possessed the items, the Defendant believed the items were or contained child pornography.

d. the Defendant knew that at least one performer in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 1/14/25   By: _____
GREGORY SCHILLER
ASSISTANT UNITED STATES ATTORNEY

Date: 1/14/25   By: _____
SCOTT BERRY
ASSISTANT FEDERAL PUBLIC DEFENDER

Date: 1/14/25   By: _____
MARK DiTOCCO
DEFENDANT